**Opinion filed August 6, 2026**



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-26-00029-CR & 11-26-00030-CR

_____

### EZELL LEWIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 31333-A & 30481-A**

### M E M O R A N D U M   O P I N I O N

Appellant, Ezell Lewis, entered open pleas of guilty in trial court cause no. 31333-A to possession of a controlled substance in an amount less than one gram, a state-jail felony; and in trial court cause no. 30481-A to possession of a controlled substance in an amount one gram or more but less than four grams (Count One), a third-degree felony, tampering with evidence (Count Two), a third-degree felony, and evading arrest (Count Three), a third-degree felony. *See* TEX.

HEALTH & SAFETY CODE ANN. § 481.115(b)(c) (West Supp. 2025); TEX. PENAL CODE ANN. §§ 37.09(c), 38.04(b)(2)(A) (West Supp. 2025). The offenses were all enhanced by two prior felony convictions, and Appellant pled "true" to each enhancement paragraph.

After the completion of a pre-sentence investigation (PSI) and a hearing on punishment, the trial court assessed Appellant's punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice in trial court cause no. 31333-A. In trial court cause no. 30481-A, the trial court assessed punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice for Counts One and Two and thirty-five years' confinement for Count Three. We affirm.

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions are supported by briefs in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with copies of the briefs, copies of the motions to withdraw, explanatory letters, and copies of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motions to withdraw, to review the records and file pro se responses to counsel's *Anders* briefs, and to file petitions for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) in each cause.

Appellant did not file a pro se response to counsel's *Anders* brief concerning trial court cause no. 31333-A. However, in a pro se letter filed in this court

addressing only trial court cause no. 30481-A, Appellant argues summarily that appellate counsel should have raised a claim of ineffective assistance of counsel and challenged the "remote [e]nhancements" and "indictment duplicity, jurisdiction." *See Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Andrus v. Texas*, 590 U.S. 806, 813 (2020) (per curiam) ("To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him."). Contrary to Appellant's assertions, appellate counsel *did* address whether there were deficiencies in the indictment and trial counsel's representation in his *Anders* brief and determined no reversible error exists. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeals are without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Trial court cause no. 31333-A concerns the offense of possession of a controlled substance occurring on or about January 25, 2025. Trial court cause no. 30481-A concerns the offenses of possession of a controlled substance, tampering with evidence, and evading arrest occurring on or about July 26, 2022. The State used the same two prior felony convictions to enhance each count in both indictments, and the prior convictions were for possession of a controlled substance, dated July 30, 1991, and August 10, 2016, respectively. To the extent that Appellant complains that the State cannot use the same prior felony convictions to enhance multiple counts in the same indictment, Appellant is incorrect. The same prior conviction may be used to enhance indictments tried simultaneously. *See* PENAL § 12.46 (West 2019); *Williams v. State*, 356 S.W.3d 508, 518 (Tex. App.—Texarkana 2011, pet. ref'd); *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed); *Cuellar v. State*, No. 07-20-00057-CR, 2020 WL 5931048, at *4 n.7 (Tex. App.—Amarillo Oct. 6, 2020, no pet.) (mem. op., not

3

designated for publication); *Boyd v. State*, No. 01-18-00264-CR, 2019 WL 2750593, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2019, no pet.) (mem. op., not designated for publication).  Moreover, there exists no temporal limitation on the use of prior convictions for enhancement purposes.  *Hicks v. State*, 545 S.W.2d 805, 810 (Tex. Crim. App. 1977); *Evans v. State*, No. 11-09-00341-CR, 2011 WL 5994429, at *5 (Tex. App.—Eastland Nov. 30, 2011, pet. ref'd) (mem. op., not designated for publication) ("[T]here is ample authority holding that prior convictions may be used to enhance, no matter how remote.").  Accordingly, we agree with counsel that no meritorious arguable grounds for appeal exist.[1]  *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review.").

We grant counsel's motions to withdraw, and we affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


August 6, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.